Civil action to recover damages allegedly resulting from fraudulent representation upon which contract between D. L. Morrell, seller, and plaintiff, purchaser, was made for sale and purchase of a certain house and lot at 428 Hermitage Court in the city of Charlotte, North Carolina, — the property of D. L. Morrell, heard upon motion of defendants, made in February, 1947, for an order to make D. L. Morrell a party defendant *Page 237 
to this action, and that he be served with summons and with copies of the original complaint, the original answer and cross-action, and a copy of the amended cross-action.
The terms of the contract, in so far as here pertinent, are these:
 "Through Chipley Realty Company, agent, D. L. Morrell, has this day sold and Mrs. D. J. Lampros has this day purchased that certain parcel of property known as 428 Hermitage Court at price of Twelve Thousand Five Hundred Dollars, upon the following terms:
 $ 1,000 — this day deposited with agent 11,500 — upon delivery of title ------ $12,500
 "It is agreed that Seller shall furnish good and marketable title to said property and Purchaser shall have ten days in which to investigate same, unless an extension shall be agreed upon. In the event the title is objected to, the Seller shall be furnished with a written statement of all objections and be allowed a reasonable time thereafter in which to furnish a valid title.
 "It is agreed that such papers as may be legally necessary to carry out the terms of this contract shall be executed by the principals to said contract and delivered to said agent as soon as the Purchaser has satisfied himself as to the validity of the title to said property.
"Special Stipulations: . . .
 "The Seller agrees to pay Chipley Realty Company a fee of 5% or $625 Dollars when sale is closed . . .
 "The above proposition is hereby accepted, this 24th day of May, 1946.
 (Seller) D. L. MORRELL (Seal) (Purchaser) POTA LAMPROS (Seal) (Witness) MARY LAMPROS."
Plaintiff alleges in her complaint, in summary, these facts: That she was induced to enter into the above contract, and to deposit "in trust" with defendants $1,000 "as a binder," and "as evidence of good faith" on her part, and when sale is completed to be applied as a credit on purchase price, upon certain material representation made to her by defendants in respect to the house; that the representations so made to her were false and fraudulent, and calculated to deceive, and did deceive her "to her hurt and damage"; that upon learning of the fraud so imposed upon her, she demanded of defendants the return of the $1,000 deposit, and defendants refused to return same and wrongfully and fraudulently continue *Page 238 
to retain same; and, that by reason of matters and things alleged, plaintiff is entitled to recover of defendants the sum of $1,000.
And plaintiff also alleges incidentally that D. L. Morrell, the owner of the said property, has sold and conveyed the same to another.
Defendants, answering the complaint, admit that they refused to comply with plaintiff's demand for the return of the $1,000 deposited with them by her, but deny any wrongdoing in any respect on their part.
Defendants, by way of further answer and defense, and as a cross-action against plaintiff, and in bar of her right to recover in this action, aver: (1) That plaintiff refused to accept deed from D. L. Morrell in accordance with the contract, when duly tendered to her, and refused to carry out her agreement to purchase; (2) that defendants had contract with D. L. Morrell, the owner, for the sale of the property for a period of thirty days only from 18 May, 1946; and thereafter D. L. Morrell sold the property to another for $875 less than plaintiff had agreed to pay — he, thereby, sustaining loss in the sum of $875.00; (3) that they, the defendants, have a beneficial interest in the contract between plaintiff and Morrell to the extent of $625 as commissions, — since they secured a bona fide
purchaser for said property, and had earned their commissions, but had been prevented from collecting same by the willful and wrongful breach of the contract by plaintiff, to their damage in said amount; (4) that they "have retained the $1,000 in good faith to protect their interest and the interest of the seller," and are paying same to Clerk of Superior Court "to be retained, by him subject to the orders of the Court hereinafter signed," and (5) that in order that D. L. Morrell may be advised of his right to interplead or to take such other action as his judgment dictates to protect his interest in said sum of $1,000, "a copy of this answer be served upon D. L. Morrell." Upon these averments, defendants pray that the complaint "be dismissed" and that they recover of plaintiff the sum of $625.00 and costs to be taxed.
And the record shows that the sheriff delivered a copy of the answer to "D.C. Morrell."
When the motion of defendants to make D. L. Morrell, the owner of the property, a party defendant, came on to be heard, and being heard, the court finding as facts that the allegations and averments of the parties are substantially as set out above; that defendants have paid into court the $1,000 deposit to await the termination of this action; that defendants caused a copy of their answer to be served upon D. L. Morrell, but that he has made no appearance in the case; that the case was calendared for trial in Superior Court in the December Term, 1946, but was not reached for trial and the case has remained on the calendar for trial continuously since said term; and that on ...... February, 1947, defendants, through their attorneys, filed motion in the cause praying that *Page 239 
D. L. Morrell be made a party defendant in the action and that he be served with summons and cross-action, — copy of which cross-action is attached. (It may be noted here that the amended cross-action is against both plaintiff and D. L. Morrell, and the averments are substantially the same as the allegations of the complaint in Chipley v. Morrell and Lampros,post, 240. And the Judge Presiding, being of opinion that D. L. Morrell is neither a necessary nor a proper party to this action, and that defendants' rights against Morrell are in an independent action, and that he should not be made a party to this action, — "certainly at this late date," — entered an order denying the motion to make him a party.
Defendants appeal therefrom to Supreme Court, and assign error.
Can a complete determination of the controversy at issue in this action be made without the presence of D. L. Morrell, the seller of the property to which his contract with plaintiff relates? If not, the court must make him a party to the action. G.S., 1-73.
From the pleadings, it appears (1) that the contract itself, made through defendants, sets out the amounts which make up the purchase price, and when same shall be paid, — specifying "$1,000 this day deposited with agent"; (2) that defendants received the $1,000 from plaintiff "as deposit on 428 Hermitage Court," and "as a binder of the foregoing contract, and as evidence of good faith on the part of the purchaser"; (3) that defendants allege breach of contract by plaintiff, with consequent damages to D. L. Morrell and to defendants; (4) that defendants have retained the $1,000 "to protect their interest and the interest of the seller"; and (5) that the $1,000 is paid to Clerk of Superior Court to abide the orders of the Court in this action.
In the light of these allegations, we are of opinion that the controversy at issue in this action cannot be completely determined without the presence of D. L. Morrell. The answer to the issue raised by defendants' denial of the allegations of fraud set out in the complaint will determine the disposition of the $1,000 earnest money. If the jury should find that plaintiff was induced to enter into the contract with D. L. Morrell for the purchase of the property by reason of false and fraudulent representations made to her by defendants, as alleged in the complaint, she would be entitled to the return of the earnest money. But if the jury should find that no such fraud was perpetrated upon her, plaintiff would not be entitled to the return of the money. In either case it would seem that such rights as D. L. Morrell, the seller, may have in respect to the earnest money, would be affected. Hence the order below denying motion for an *Page 240 
order to make him party defendant, and to serve him with process, is improvident and is
Reversed.
Defendants' demurrer ore tenus to complaint entered in this Court is not sustained.